IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-109 |
| | ) | |
| JOSHUA D. KUDRAV | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Steven R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said District, and pursuant to this Court's Order, hereby submits the Government's Sentencing Memorandum.

Defendant Joshua D. Kudrav entered a plea of guilty to Count One of the Indictment at Criminal No. 20-109, admitting to possessing material depicting the sexual exploitation of a minor, contrary to the provisions of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).

A sentencing hearing is scheduled for April 8, 2021, before this Honorable Court. In advance of the sentencing hearing, the government hereby submits this memorandum to the Court. The following factors should be of relevance to the Court in fashioning a fair and just sentence in this case.

### I.   UNITED STATES SENTENCING GUIDELINES

The United States Supreme Court has instructed, "district courts must begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 133 S.Ct. 2072, 2083 (2013) (quoting *Gall v. United States*, 522 U.S. 38, 49 (2007)). Sentencing decisions are to be "anchored by the Guidelines," and appellate courts may presume that guideline sentences are reasonable. *Peugh*, 133 S.Ct. at 2083. When considering a non-Guidelines sentence, the Court "must consider the

extent of the deviation and ensure that the justification *is sufficiently compelling* to support the degree of the variance." *Id*. (citing *Gall*, 522 U.S. at 50) (emphasis added). "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 522 U.S. at 47 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)).

In this case, the defendant faces a statutory maximum of 20 years' imprisonment. The Sentencing Guidelines, as calculated by the U.S. Probation Office, recommend a sentence of imprisonment of 70 to 87 months, based upon the seriousness of the offense, various applicable enhancements, and the defendant's lack of criminal history. The defendant entered a plea of guilty pursuant to the terms of a negotiated plea agreement in which the parties stipulated to the application of various § 2G2.2 enhancements. Said stipulations, however, failed to include the application of a four-level enhancement under USSD § 2G2.2(b)(4)(B) for the possession of material that portrayed the sexual abuse or exploitation of toddlers. The defendant did, in fact, possess such material, and the parties' failure to address such conduct as part of the terms of the plea agreement was simply an oversight. Pursuant to the terms of the plea agreement entered in this case, the defendant faces an advisory guideline range of 46 to 57 months' imprisonment.

**II.     TITLE 18, UNITED STATES CODE, SECTION 3553**

The factors cited under Title 18, United States Code, Section 3553, are as follows:

**(1)     18 U.S.C. § 3553(a)(1) – the nature and circumstances of the offense and the history and characteristics of the defendant**

**The Nature and Circumstances of the Offense**

On June 26, 2019, Yahoo reported to the National Center for Missing and Exploited

Children (NCMEC) that a user identified as Josh Kudrav had uploaded 76 images of apparent child pornography. As discussed in more detail in the PSIR, said images were later determined to include, among other things, the depiction of adults engaged in sex acts with minors, many of whom were under the age of 12 years, to include toddlers engaged in sex acts and depicted in lewd and lascivious positions, with their genitalia exposed. (PSIR ¶ 9). A search warrant executed at the defendant's residence resulted in the seizure of his computer and cellular telephone. Defendant Kudrav admitted to downloading images of child pornography on his computer, creating collages of many of the images, transferring the images to his cell phone, and then masturbating while viewing the images. (PSIR ¶ 11). Based upon forensic analysis conducted of the electronic devices, the government and the defendant have stipulated that he is to be held accountable for possessing between 300 and 600 images depicting the sexual exploitation of minors, many of whom were prepubescent. (PSIR ¶ 12).

## The History and Characteristics of the Defendant

The defendant, age 38, has no criminal history and reports that he had a "normal" childhood free of abuse and neglect. The defendant takes medication for diabetes and hypertension and has had bouts of depression in his adult life. The defendant is a high school graduate and maintains full-time employment. He appears to have the ability to pay a fine. He has accepted responsibility and pleaded guilty to the instant offense, saving the government time, money, and resources. He has furthermore agreed to pay the only child victim ("Violet") requesting restitution in this case a sum of $3,000, at the time of sentencing. As stated above, the applicable advisory guideline range based upon the stipulations set forth in the relevant plea agreement is 46 to 57 months' imprisonment (OL 23, CHC I), a range which reflects the serious

nature of his criminal conduct and his lack of criminal history, and which is quite a bit lower than the guideline range calculated by the Probation Office.

> **(2)   18 U.S.C. § 3553(a)(2)(A) – the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense**

The defendant's conduct in this case is very serious in that he possessed, viewed, and distributed images depicting the sexual exploitation of children, some of whom had not attained the age of 12 years.  The law requires that the Court impose a fair and just sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.

> **(3)   18 U.S.C. § 3553(a)(2)(B) – the need for the sentence imposed to afford adequate deterrence to criminal conduct**

The nature of the defendant's conduct is violent, and a term of imprisonment is critical to preventing him, and hopefully others, from committing similar crimes in the future.  It is worth noting, that the defendant's conduct will have a lasting, if not permanent, negative effect on hundreds of child victims.  Four such victims have submitted Victim Impact Statements for the Court's consideration in fashioning a fair and just sentence.

> **(4)   18 U.S.C. § 3553(a)(2)(C) – the need for the sentence imposed to protect the public from further crimes of the defendant**

As above stated, the nature of the defendant's conduct is violent, and a term of imprisonment is critical to preventing him from committing similar crimes in the future.  The Court must fashion a sentence which is more likely to prevent the defendant from returning to the same or similar criminal activity, and which will serve to protect the public from further crimes.

>(5)	**18 U.S.C. § 3553(a)(3) – the kinds of sentences available**

The defendant faces a statutory maximum term of 20 years' imprisonment.  In addition to a term of imprisonment, the Court must impose a term of supervised release of at least five years and up to life, pursuant to 18 U.S.C. § 3583(k) and USSG § 5D1.2(b)(2).  The defendant is ineligible for a sentence of probation under the sentencing guidelines. *See* USSG § 5B1.1.

>(6)	**18 U.S.C. § 3553(a)(4)(A) – the kinds of sentence and the sentencing range established by the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines**

The government and the defendant concur that the defendant's total offense level is 23 and his criminal history category is I.  The applicable advisory guideline range is 46 to 57 months' imprisonment and a term of five years to life of supervised release.

The defendant is subject to the provisions of the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018.  In addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess (1) not more than $17,000 on any person convicted of an offense under 18 U.S.C. § 2252(a)(4) or § 2252A(a)(5); (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense. The court shall consider the factors in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572 when ordering this assessment. 18 U.S.C. § 2259A

In accordance with 18 U.S.C. § 3663A, restitution must be ordered in this case as to any victim depicted in the images which are the subject of the charged conduct, should any

victim make such a request.  Pursuant to 18 U.S.C. § 2259(c)(3), this is a child pornography trafficking offense and thus restitution is mandatory as set forth in 18 U.S.C. § 2259(b)(2). The court shall determine the full amount of the victim's losses and shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000.  To date, only one victim, that is "Violet", has submitted a counseled request for restitution in the amount of $10,000.  Defendant Kudrav possessed one image of "Violet". Victim's counsel, Carol Hepburn, Esq., has recently entered a pre-sentencing agreement with the defendant that resolves the request for restitution with a $3,000 payment at the time of sentencing.   The PSR writer has not identified any factors that would warrant a departure from the guideline range.  *See* PSR ¶ 72

       **(7)**       **18 U.S.C. § 3553(a)(5) – any pertinent policy statement**

As set forth above, the guideline range for a term of supervised release is not less than 5 years, and up to life. USSG § 5D1.2(c).  The policy statement under § 5D1.2 recommends a term of supervised release at the statutory maximum.

       **(8)**       **18 U.S.C. § 3553(a)(6) – the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

Defendant Kudrav is the only person charged in the instant case.   In fashioning a fair sentence, the court should consider sentences imposed in similar cases to limit the risk that the sentence imposed upon this defendant does not result in an unwarranted sentencing disparity.

       **(9)**       **18 U.S.C. § 3553(a)(7) – the need to provide restitution to any victims of the offense**

As indicated above, restitution must be ordered as to any child victim depicted in the images possessed by the defendant, who makes such a request.  The child victim identified

as "Violet" has submitted a request for restitution. The Court, in fashioning an appropriate sentence, must separately consider victim impact to "Violet", the victims in the "CatchAWave"; "Lexie"; and "Sara" series, and the other children depicted in the hundreds of images possessed by the defendant. The government submits that the Court is in possession of the submitted Victim Impact Statements and "Violet's" request for restitution.

### III.  CONCLUSION

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the Court impose a sentence of imprisonment within the applicable guideline range, which in this case, results in a fair and just sentence.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney


s/Carolyn J. Bloch
CAROLYN J. BLOCH
Assistant U.S. Attorney
U.S. Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
PA ID No. 53430